IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | | |
|---|---|---|
| MCKAY SHARED LIVING AGENCY, LLC | ) | |
| | ) | |
| **Plaintiff** | ) | **Civil Action** |
| | ) | **Docket No.** |
| V. | ) | |
| | ) | |
| LEXINGTON INSURANCE COMPANY | ) | |
| | ) | |
| **Defendant** | ) | |

**COMPLAINT FOR DECLARATORY JUDGMENT**

**Plaintiff McKay Shared Living Agency, LLC,** by and though its undersigned counsel, complains against Defendant Lexington Insurance and alleges as follows:

1. Plaintiff McKay Shared Living Agency, LLC ("McKay") is a limit liability company organized and existing under and by virtue of the laws of the State of Maine with a principal place of business with the State of Maine.

2. Defendant Lexington Insurance Company is a surplus lines carrier and an insurance corporation with a principal place of business in the Commonwealth of Massachusetts ("Lexington"). Upon information and belief, Lexington is an affiliate of the American International Group.

3. At all times relevant hereto, McKay was engaged in the business of providing shared living services to mentally and physically-disabled and compromised individuals within the State of Maine.

4. At all times relevant hereto, McKay was covered by a policy of insurance issued by Lexington which covered, among other things, commercial general liability ("CGL") and miscellaneous professional liability ("MPL") damages claims, Policy No. 41LX0089991006 with a policy period April 6, 2012 through April 6, 2013, GO 9G5303 (hereinafter, the "Policy").

5. The limits of coverage pursuant to the Policy are $1,000,000 per claim and $1,000,000 in the aggregate, with no deductible for CGL coverage, provided on an occurrence basis.

6. The Policy (CGL) is endorsed by an Abuse and Molestation Endorsement that provides claims-made coverage with a retroactive date of April 6, 2004. Limits for the said Endorsement are $50,000 per incident, and $50,000 in the aggregate.

7. Limits of liability for Policy (MPL) are $1,000,000 for each wrongful act or series of continuous, repeated or related acts and $3,000,000 in the aggregate (without deductible), on a claims-made basis retroactive back to April 6, 2004.

8. Between April 15, 2012 and November 26, 2014, McKay sustained a covered loss. Specifically, on April 15, 2012, McKay advised Lexington of an initial notice of claim, on April 2, 2013 of a second notice of claim and on November 26, 2014 of a demand package from Jocelyn J. Rose, Individually and as Mother and Guardian of Benjamin R. Rose, and Incapacitated Person, alleging that Benjamin Rose õsuffered injuries to his body and his brain in September 2012 and/or October 2012 while under the care of [McKay]ö. The said loss has now proceeded to formal litigation pending in the Maine Superior Court.

9. The said loss is indisputably covered by the subject insurance policy.

10. The loss is properly subject to the full CGL policy limits, $1,000,000 per claim and $1,000,000 in the aggregate, with no deductible for CGL coverage, provided on an occurrence basis.

11. Notwithstanding the foregoing, Lexington maintains that the loss is, instead, subject to the Abuse and Molestation Endorsement limit, $50,000 per incident, and $50,000 in the aggregate.

12. Lexington has refused and failed to afford McKay the full measure of its Policy coverage despite due demand therefore.

13. This Court has jurisdiction over this action against Defendant Lexington pursuant to 28 U.S.C. § 1332 insofar as the matter in controversy exceeds the statutory limit and the claim is between citizens of different states.

14. Venue is properly vested in this Court because Plaintiff McKay is a resident of this District, the acts complained of occurred within the jurisdiction of this District (specifically, Penobscot County, Maine) and Defendant Lexington conducts regular and significant business within this District.

## COUNT I
### (DECLARATORY JUDGMENT)

15. Plaintiff McKay repeats and realleges each and every allegation set forth in paragraphs 1-14, above, inclusive, with the full force and effect as if set forth fully herein.

16. Plaintiff is entitled to a declaration from the Court that the said loss is covered by the aforesaid $1,000,000 per claim and $1,000,000 in the aggregate limit.

## COUNT II
## (BREACH OF CONTRACT)

17. Plaintiff McKay repeats and realleges each and allegation set forth in paragraphs 1-14, and 16 above, inclusive, with the full force and effect as if set forth fully herein.

18. Defendant Lexington is in breach of its relevant contract with McKay.

19. By virtue of the foregoing breach(es) of contract, McKay has been damaged.

## COUNT III
## (VIOLATION OF THE MAINE
## UNFAIR CLAIMS SETTLEMENT PRACTICES ACT)

20. Plaintiff McKay repeats and realleges each and allegation set forth in paragraphs 1-14, 16 and 18-19 above, inclusive, with the full force and effect as if set forth fully herein.

21. By virtue of the foregoing, Defendant Lexington has violated Maine's Unfair Claims Settlement Practices Act.

22. By virtue of the foregoing, McKay has been damaged.

**WHEREFORE,** Plaintiff McKay Shared Living Agency LLC prays for judgment against Defendant Lexington Insurance Company for declaratory judgment, for its compensatory damages together with interest thereon, for multiple, exemplary and/or further damages as may be permitted under the Maine Unfair Claims Settlement Practices Act, for its attorney fees and costs, and for such other, further and additional relief as Court deems just and appropriate.

DATED at Lewiston, Maine this 16th day of June, 2015.

/s/David Van Dyke, Esq.
Lynch & Van Dyke, P.A.
PO Box 116
Lewiston, ME  04243-0116
(207) 786-6641
dvandyke@hlrvd.com

*Attorney for Plaintiff McKay Shared Living Agency, LLC*

4